UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:      PHILIP M. BRADLEY,                            Case No. 07-31896-KRH
                                                                                                   Chapter 13
                Debtor.
_____

PHILIP M. BRADLEY,

                Plaintiff.

v.
                                                                                      APN 07-03077-KRH

JASON HAMLIN, *et al.*,

                Defendants.
_____

## **MEMORANDUM OPINION**

The issues confronted here are whether this Court retains jurisdiction over an adversary proceeding when the underlying bankruptcy case is dismissed, and, if so, whether it is bound to exercise that jurisdiction. The Court finds that the Bankruptcy Court retains both the jurisdiction and the discretion whether to exercise it. For the reasons set forth below, the Court declines to exercise its discretionary subject-matter jurisdiction over this adversary proceeding after dismissal of the Debtor's underlying bankruptcy case.

FACTUAL BACKGROUND

This litigation arises out of a Chapter 13 bankruptcy petition filed by Philip M. Bradley (the "Debtor") on May 21, 2007. The Debtor filed the adversary proceeding at issue here against Jason Hamlin, Deutsche Bank National Trust Company, and Samuel I. White, P.C. (the "Defendants") on May 29, 2007. The adversary proceeding asks this Court to enjoin Defendants

from taking any further action to enforce their rights with respect to real property formerly owned by the Debtor.  Additionally, it asks the Court to compel the Defendants to re-deed the formerly owned property to the Debtor and to impose Rule 11 sanctions against the Defendants. Finally, the adversary proceeding asks for a trial by jury and alleges damages in excess of $750,000.

The adversary proceeding responded to and otherwise concerned identical issues raised by the Defendants in a motion for relief from the automatic stay.  Following an evidentiary hearing conducted on September 12, 2007, on the Defendants' motion, the Court entered an order granting relief from the stay under 11 U.S.C. § 362.  The Court subsequently held a hearing on September 26, 2007, at which it granted the Chapter 13 Trustee's motion to dismiss the Debtor's bankruptcy case pursuant to 11 U.S.C. § 1307(c)(5) because there was overwhelming evidence that the Debtor lacked both the ability to fund and the ability to comply with a plan.

## CONSLUSIONS OF LAW

This Court had subject-matter jurisdiction over the bankruptcy case by virtue of 28 U.S.C. § 1334, which provides district courts with original and exclusive jurisdiction over all cases under title 11, and original but not exclusive jurisdiction over "all civil proceedings *arising under* title 11, or *arising in* or *related to* cases under title 11." 28 U.S.C. § 1334(a), (b) (2000) (emphasis added).[1]  There is a difference between a bankruptcy case and related proceedings: "A bankruptcy case is instituted when a petition is filed under Chapters 7, 9, 11, 12, 13, or 15 of the

---

[1] Section 157 provides district courts with the power to refer all of these cases to bankruptcy courts.  28 U.S.C. § 157 (2000).  A Standing Order filed on August 15, 1984, issued by the District Court for the Eastern District of Virginia refers all bankruptcy cases to the bankruptcy court, and all judgments rendered by the bankruptcy court are judgments of the district court pursuant to a subsequent Standing Order filed on December 13, 1985.

Bankruptcy Code and proceedings arise within bankruptcy cases." *Wellington Apartment, LLC v. Clotworthy (In re Wellington Apartment, LLC)*, 353 B.R. 465, 469 (Bankr. E.D. Va. 2006).

Proceedings that *arise under* Title 11 are those in which a "'well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.'" *Id*. (quoting *Poplar Run Five Ltd. P'ship v. Va. Elec. & Power Co. (In re Poplar Run Five Ltd. P'ship)*, 192 B.R. 848, 855 (Bankr. E.D. Va. 1995)).  A proceeding that is not based specifically on Title 11, but would be pointless in the absence of the bankruptcy case, *arises in* a bankruptcy case.  *Id.*  A proceeding that could affect the debtor's rights or liabilities or the administration of the bankruptcy estate, *relates to* a bankruptcy case.  *See id.* at 470.

Because the outcome of the adversary proceeding at issue here would have had an effect not only on the Debtor's rights, but also on the administration of the bankruptcy case, the Court had "related to" jurisdiction over the adversary proceeding under 28 U.S.C. § 1334 at the time the adversary proceeding was initiated.  Subject matter jurisdiction under 28 U.S.C. § 1334 cannot be divested by subsequent events. *Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.),* 124 F.3d 619, 625–626 (4th Cir. 1997).  Accordingly, this Court retains jurisdiction over the adversary proceeding after the underlying bankruptcy case was dismissed.

The next question presented is whether the Court must continue to exercise that jurisdiction now that the bankruptcy case has been dismissed.  The United States Court of Appeals for the Seventh Circuit has held that a bankruptcy court can, within its discretion, relinquish jurisdiction over a pending adversary proceeding involving state law causes of action between non-debtors when the underlying bankruptcy case has been dismissed. *Chapman v. Currie Motors, Inc.*, 65 F.3d 78 (7th Cir. 1995) (an adversary proceeding upon the resolution of a

3

bankruptcy case is functionally equivalent to supplemental jurisdiction allowed under 28 U.S.C. § 1367, even though this statute is not necessarily applicable to the bankruptcy case). Section 1367(c)(3) explicitly states that a court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3) (2000). If jurisdiction over a pending adversary proceeding is functionally equivalent to the exercise of supplemental jurisdiction, then the discretionary aspect of supplemental jurisdiction should follow. *See King's Grant Golf Acquisition, LLC v. Abercrombie (In re T 2 Green, LLC)*, 364 B.R. 592, 608 (Bankr. D.S.C. 2007).

In *In re T 2 Green, LLC*, the Bankruptcy Court for the District of South Carolina identified four factors to guide the court's determination about whether it should retain jurisdiction over a pending adversary proceeding: judicial economy, convenience to the parties, fairness and comity. *Id.* Applying these principles and factors to the adversary proceeding here, this Court declines to exercise its jurisdiction over the pending adversary proceeding after the underlying bankruptcy case has been dismissed.

A separate order shall issue.

ENTERED: _____

                                                      /s/ Kevin R. Huennekens
                                         UNITED STATES BANKRUPTCY JUDGE

Copies to:

Philip M. Bradley
P. O. Box 85
West Point, VA  23181

Eric David White
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA  23230